WAVERLY GRAY, Respondent, v REDERI A/S MYREN, Defendant-Appellant.

First Department, July 1, 1982

APPEARANCES OF COUNSEL

*John M. Toriello* of counsel (*Thomas F. Molanphy* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for defendant-appellant.

*Howard Fishkin* of counsel (*Zimmerman & Zimmerman,* attorneys), for respondent.

OPINION OF THE COURT

MARKEWICH, J.

Plaintiff was employed as a longshoreman by International Terminal Operating Co., Inc. While assisting in ITO's stevedoring operations on board defendant's vessel, he sustained injuries to his right arm and left leg on November 30, 1972. Pursuant to the Longshoremen's and Harbor Workers' Compensation Act (US Code, tit 33, § 901 *et seq.*), plaintiff filed a workers' compensation claim with the United States Department of Labor. ITO did not controvert the claim; rather, it paid compensation, without an award, from December 1, 1972 through December 18, 1972.

At plaintiff's request, the Labor Department conducted a conference to consider the claim for additional compensation for temporary total disability through March 26, 1973. This resulted in a "Memorandum of Informal Conference" dated May 8, 1973, which directed payment of temporary total disability from December 1, 1972 through March 25, 1973. On May 18, 1973, ITO paid this award. Plaintiff then presented a second claim in which he sought compensation for permanent partial disability. On May 6, 1974, the Labor Department issued a document awarding plaintiff $2,951.26 based upon its finding that he had a 2½% permanent partial disability of the right arm and a 5% permanent partial disability of the right leg. ITO duly paid this additional award.

This personal injury action against the vessel's owner was commenced on April 11, 1974, one month before the May 6, 1974 award for permanent partial disability and 13 months after the May 8, 1973 award for temporary total disability. Relying upon subdivision (b) of section 933 of title 33 of the United States Code, which requires that an action against a third person must be commenced within six months after acceptance of a compensation award, defendant moved for leave to serve an amended answer and for summary judgment thereon on the ground that six months had elapsed since plaintiff's acceptance of the May 8, 1973 award. Judge WALLACH granted leave to amend the answer, but denied summary judgment since the May 6, 1973 award of additional compensation implied that the recommendation in the May 8, 1973 memorandum was interim in nature, so that the six-month Statute of Limitations had not begun to run from the date of the first award.

Defendant's appeal from denial of summary judgment raises the question of whether the May 8, 1973 memorandum awarding temporary total disability constitutes an "award in a compensation order" so as to start the running of the six-month limitation contained in subdivision (b) of section 933. Although plaintiff has not cross-appealed that part of the order which granted defendant leave to amend its answer, our search of the record reveals that there was no merit to the proposed defense. Leave to amend should

therefore not have been granted. (CPLR 3212, subd [b]; Siegel, New York Practice, § 282, p 339.)

Subdivision (b) of section 905 of the act authorizes an injured person to bring an action against the vessel owner as a third party. That right is circumscribed by section 933:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

"(b) *Acceptance of such compensation under an award in a compensation order* filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person *unless such person shall commence an action against such third person within six months after such award.*" (Emphasis added.)

The award rendered in the May 8, 1973 memorandum was for the sole purpose of compensating plaintiff for his temporary total disability. That was the only issue addressed at the informal conference. Such an interim payment does not start the time period running under the act. "The legislative history of the statute, as outlined by the Supreme Court and ourselves in *Rodriguez,** makes clear that Congress' purpose was to provide the injured longshoreman, after he knows what his award of compensation benefits will be, with a period of six months within which to decide whether in light of all of the circumstances, including the settlement arrived at with the employer without proof of any fault, to bring an action against a third party seeking damages based on its negligence." (*Verderame v Torm Lines, A/S,* 670 F2d 5, 6-7 [CA2d, 1982].) Plaintiff longshoreman could not possibly appraise the full nature and extent of his injuries until he knew the total amount of compensation he would ultimately receive from his employer; he did not gain this knowledge until May 6, 1974, the date the Labor Department issued its additional award for permanent partial disability, which

---

* *Rodriguez v Compass Shipping Co.,* 617 F2d 955 (CA2d, 1980), affd 451 US 596.

supplemented and completed the first award covering temporary total disability. "To hold otherwise would be to force the longshoreman to proceed in the dark." (*Verderame v Torm Lines, A/S, supra,* at p 7.) The mere fact that plaintiff accepted payment under the May 8, 1973 memorandum cannot serve to transform that interim award into "an award in a compensation order" sufficient to trigger the six-month period set forth in subdivision (b) of section 933.

We note that the Fourth Circuit has determined that "the focus [of an award] should properly be upon some act of ratification of compensation, whether formal or informal, and the subsequent acceptance of compensation by the claimant." (*Liberty Mut. Ins. Co. v Ameta & Co.,* 564 F2d 1097, 1102.) That circuit has also ruled that an award in a compensation order is created by the completion of three events: "(1) the employer, having not contravened its liability, initiates compensation payments to the longshoreman; (2) the deputy commissioner files the employer's notice that compensation payments have been initiated; and (3) the longshoreman accepts any of the payments." (*Simmons v Sea-Land Servs.,* 676 F2d 106, 109.) Such an interpretation of the rights provided an injured longshoreman who is covered under the act runs counter to the very policy and purpose of the act since it would force an injured worker to institute his third-party personal injury action within six months of acceptance of any payment, no matter how small, and despite the fact that only a minimal portion of the injuries may be covered under that award. We adopt the Second Circuit's interpretation in *Verderame (supra),* consistent as it is with the United States Supreme Court's decision in *Rodriguez (supra).* The Fourth Circuit's concern with undue delay of an employee in seeking access to relief gives disproportionate weight to a comparatively brief period. The act has its own built-in safeguards; it is unnecessary for the courts to go further in order to protect vessel owners and employers at the expense of injured longshoremen.

Plaintiff having commenced this action within six months of the May 6, 1974 award when he was first advised of the full nature and extent of his injuries and the amount of compensation he would receive therefor, this

action cannot be barred by the Statute of Limitations. Accordingly, leave to amend the answer should not have been granted, the defense contained therein being insufficient as a matter of law.

The order, Supreme Court, New York County (WALLACH, J.), entered September 26, 1980, should be modified, on the law and the facts and in the exercise of discretion, to the extent of denying the motion for leave to serve and file an amended answer, and otherwise affirmed, without costs and without disbursements.

MURPHY, P. J., KUPFERMAN, SANDLER and CARRO, JJ., concur.

Order, Supreme Court, New York County, entered on September 26, 1980, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of denying the motion for leave to serve and file an amended answer, and otherwise affirmed, without costs and without disbursements.